```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| PETER ASH | : | CIVIL ACTION |
| v. | : | |
| FARMERS INSURANCE CO., et al. | : | NO. 22-3017 |

<u>MEMORANDUM</u>

Bartle, J.                                                November 2, 2022

      Plaintiff Peter Ash, proceeding pro se, has sued Farmers Insurance Co. and Truck Insurance Exchange (Truck) (incorrectly denominated as Truck Insurance Exchange LLC) for failure to pay what is alleged due him under a homeowner's insurance policy for damages to a house he owned in Philadelphia.  Defendant Truck moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the ground that diversity of citizenship is lacking.  <u>See</u> 28 U.S.C. § 1332(a).  When a defendant challenges subject matter jurisdiction under Rule 12(b)(1), "the plaintiff will have the burden of proof that jurisdiction does in fact exist."  <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977).  No federal claim is pleaded.

      Plaintiff is a citizen of Pennsylvania.  The defendant Truck is a reciprocal insurance exchange created under the laws of California.  <u>See</u> <u>Truck Ins. Exch. v. The Manitowoc Co.</u>, 2010 WL 4961618, at *1 (D. Ariz. Dec 1, 2010).  Our Court of Appeals

has held that an insurance exchange such a Truck has no corporate existence.  <u>Peace Church Risk Retention Group v. Johnson Controls Fire Protection LP</u>, 49 F.4th 866, 870-72 (3d. Cir. 2022).  It takes on the citizenship of its subscribers who are both insurers and insureds.  <u>Id</u>.  Plaintiff must be treated as a member of Truck.  Since plaintiff is a citizen of Pennsylvania, Truck is also a citizen of Pennsylvania.

In order for diversity jurisdiction to exist under § 1332(a) there must be complete diversity of citizenship between plaintiffs and defendants.  <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).  Here both plaintiff and Truck are citizens of Pennsylvania.  Consequently, this action will be dismissed for lack of subject matter jurisdiction.  Plaintiff, of course, may file his action in the state court.[1]

---

1.  Plaintiff has also sued Farmers Insurance Co.  There is no such legal entity.  While the Farmers logo appears on the policy, it is merely a federally registered service mark and cannot be a party to the lawsuit.  <u>See</u> <u>Rhoades v. Mid-Century Ins. Co.</u>, 2018 WL 3632146 at *2 fn. 2 (ED Pa. July 30, 2018).  In any event, even if it were a legal entity, it would not change the outcome here since both plaintiff and Truck are citizens of Pennsylvania.